UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL CERVANTES, | No. 2:20-cv-0232 AC P |
| Plaintiff, | |
| v. | ORDER |
| S. BURCIAGA, | |
| Defendant. | |

Plaintiff has requested the appointment of counsel. ECF No. 45. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In this case, plaintiff requests counsel on the grounds that this case is set for a settlement conference and due to his hearing loss, which he alleges was caused by defendant, he requires people to speak loudly and clearly for him to understand and he would "feel more secure with someone helping [him] collecting or signing papers."  ECF No. 45 at 2.  Plaintiff's hearing loss does not constitute an exceptional circumstance that would warrant the appointment of counsel. Plaintiff does not require counsel to request that those present at the settlement conference speak loudly and clearly so that he can hear and understand them or to ask them to repeat themselves if necessary.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 45) is denied.

DATED: July 14, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE