UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL CERVANTES,<br><br>    Plaintiff,<br><br>    v.<br><br>S. BURCIAGA,<br><br>    Defendant. | No.  2:20-cv-0232 AC P<br><br>ORDER AND FINDINGS &<br>RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court is defendant's motion to dismiss plaintiff's second amended complaint.  ECF No. 59.

I.      Plaintiff's Allegations

Plaintiff alleges that defendant used excessive force against him in violation of the Eighth Amendment.  ECF No. 34 at 3.  Specifically, he alleges that on April 28, 2015, without provocation, defendant hit him on the head with a metal baton, causing great bodily injury.  Id. As a result, plaintiff now suffers from epilepsy.  Id.

II.     Motion to Dismiss

Defendant moves to dismiss plaintiff's § 1983 action for failure to exhaust administrative remedies.  ECF No. 59-1 at 10-16.  He argues that plaintiff must fully exhaust his administrative remedies before bringing suit, and that it is clear from the face of the complaint that plaintiff has

1  not done so. Id. at 10-11. Additionally, defendant argues that plaintiff is precluded from

2  litigating the exhaustion issue because it was previously litigated and resolved against plaintiff in

3  Cervantes v. Williamson (Williamson), Case No. 2:15-cv-2138 KJM DB. Id. at 11-16.

4  Alternatively, defendant argues that plaintiff's § 1983 action is untimely because it was filed

5  more than four years after the incident, and he is not entitled to equitable tolling. Id. at 16-24.

6      In opposition, plaintiff argues that defendant failed to timely raise the exhaustion issue.

7  ECF No. 64 at 1. He further contends that defendant has failed to meet his burden of proof with

8  respect to exhaustion. Id. Plaintiff also appears to argue that defendant obstructed justice by

9  failing to submit into evidence his entire appeal record and lying to the court. Id. With respect to

10 defendant's assertion of res judicata, plaintiff argues that while there is some factual overlap

11 between this case and Williamson, the facts are not the same. Id. at 2. Lastly, plaintiff argues

12 that he is entitled to tolling of the statute of limitation based on excusable neglect and his

13 impaired mental health. Id. at 3.

14     In reply, defendant argues that his motion was timely filed on the deadline for responding

15 to plaintiff's complaint, and that he met his burden of proof with respect to the exhaustion issue

16 because he showed that while plaintiff began the appeal process, he did not follow it through to

17 the third and final level of review. ECF No. 66 at 2-3. Additionally, defendant argues that he did

18 submit the appeal plaintiff claims was missing, that this case arises from the same set of facts as

19 Williamson, and that plaintiff is not entitled to tolling because he fails to meet the requirements

20 for excusable neglect. Id. at 3-5.

21     III.    Legal Standard for Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

22     Under Rule 12(b)(6), a complaint will be dismissed for failure to state a claim if it makes

23 only "a formulaic recitation of the elements of a cause of action" rather than factual allegations

24 sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly,

25 550 U.S. 544, 555 (2007) (citations omitted). In order for the claim to be plausible on its face, it

26 must contain sufficient "factual content that allows the court to draw the reasonable inference that

27 the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

28 (citing Twombly, 550 U.S. at 556). "Dismissal under Rule 12(b)(6) on the basis of an affirmative

defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint." ASARCO, LLC v. Union Pac. R.R. Co., 765 F.3d 999, 1004 (9th Cir. 2014) (citations omitted).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), and construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).  The court will "presume that general allegations embrace those specific facts that are necessary to support the claim." Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)). However, while pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (citations omitted), the court need not accept legal conclusions "cast in the form of factual allegations," W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) (citations omitted).

IV. Exhaustion of Administrative Remedies

A. The Exhaustion Requirement

Because plaintiff is a prisoner suing over the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).  Under the PLRA, a prisoner must fully exhaust all available administrative remedies before bringing an action under §1983.  42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences").

While exhaustion is a mandatory requirement that will result in dismissal if not met, Ross v. Blake, 136 S. Ct. 1850, 1856 (2016), "inmates are not required to specially plead or demonstrate exhaustion in their complaints," Jones v. Bock, 549 U.S. 199, 216 (2007).  Instead, "the defendant in a PLRA case must plead and prove nonexhaustion as an affirmative defense," and it is the defendant's burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino v. Baca, 747 F.3d 1162, 1172

3

(9th Cir. 2014) (en banc) (citations omitted). "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Id. at 1166

"To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" Id. at 1171 (quoting Brown v. Valoff, 422 F.3d 926, 937 (9th Cir. 2005)). There are three situations wherein an administrative remedy is seemingly available, but a prisoner is not able to use it to obtain relief. Ross, 136 S. Ct. at 1859. "First, . . . an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id. (citing Booth v. Churner, 532 U.S. 731, 736 (2001)). Second, the process "might be so opaque that it becomes, practically speaking, incapable of use." Id. Third, administrative remedies are unavailable when prison administrators bar inmates from using the grievance process "through machination, misrepresentation, or intimidation." Id. at 1860. Other than unavailability, there is no exception to the exhaustion requirement under PLRA. Ross, 136 S. Ct. at 1856.

When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168-69.

      B.     Discussion

Defendant contends that plaintiff has admitted to not exhausting his administrative remedies. ECF No. 59-1 at 11. The Second Amended Complaint, however, makes no such affirmative representation. In filling out the complaint form, plaintiff first indicated that he had filed a claim for administrative relief; he then checked neither "yes" nor "no" in response to the question whether he had appealed his request for administrative relief to the highest level before filing. ECF No. 34 at 3. Defendant's argument appears to be based upon the fact that plaintiff filled out the subsequent section, which provides for a prisoner's explanation why he "did not submit or appeal a request for administrative relief at any level." ECF No. 59-1 at 11; see ECF No. 34 at 3. However, plaintiff's response to this prompt does not state that he failed to submit or

4

pursue an appeal at any level.  See ECF No. 34 at 3.  At most, completion of this section of the complaint form *suggests* that plaintiff did not exhaust the appeal process; it is not an admission of failure to exhaust.  It is not uncommon in the court's experience for plaintiffs to complete this section even when they have exhausted their administrative remedies.  Furthermore, even if the court assumed that plaintiff's statement was an admission that he failed to exhaust, that section can be read as a claim that administrative remedies were unavailable to plaintiff.[1]  Accordingly, it is not apparent from the face of the complaint that plaintiff has failed to exhaust his administrative remedies.  This is therefore not one of those rare cases in which non-exhaustion can be determined on a motion to dismiss.

Defendant fares no better on a res judicata theory.  Plaintiff did indeed litigate the issue of administrative exhaustion in a previous case arising from the same underlying incident.  Williamson, Case No. 2:15-cv-2138 KJM DB.  The court grants defendant's request for judicial notice of the proceedings in that case.[2]  For the reasons that follow, however, the judgment in Williamson does not preclude litigation of the issue here.

The preclusive effect of a judgment is defined by claim preclusion and issue preclusion.  Taylor v. Sturgell, 553 U.S. 880, 892 (2008).  "Issue preclusion . . . bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim."  Id. (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)).

> For issue preclusion to apply, four conditions must be met: '(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits.'

---

[1] Plaintiff states among other things that he was sent to a mental hospital without his property.  ECF No. 34 at 3.

[2] Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (court may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue); United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003) (court may consider matters subject to judicial notice without converting motion to dismiss into motion for summary judgment).

Janjua v. Neufeld, 933 F.3d 1061, 1065 (9th Cir. 2019) (quoting Oyeniran v. Holder, 672 F.3d 800, 806 (9th Cir. 2012)).

Defendant argues that plaintiff is barred from litigating the exhaustion issue here because he already litigated it in Williamson and lost.  ECF No. 59-1 at 11-15.  However, the issue actually decided in Williamson is much narrower than defendant represents.  In Williamson, the court determined that plaintiff had failed to exhaust his administrative remedies during the time between the incident, April 28, 2015, and the filing of the complaint in that matter on October 13, 2015.  ECF No. 60 at 217-26, 241-42.  The complaint in the instant action was not filed until October 13, 2019.[3]  ECF No. 12.  Accordingly, the decision in Williamson does not preclude a finding that plaintiff exhausted his administrative remedies between October 13, 2015, and the filing of the complaint in this case.  The rule that non-exhaustion results in dismissal without prejudice is meant to permit subsequent exhaustion and the filing of a new, exhausted complaint.  See Terhune, 315 F.3d at 1120.  While it is certainly possible that plaintiff did not make any further attempts to pursue the grievance process after the dismissal of Williamson, or that any further attempts were deemed untimely,[4] neither possibility is apparent from the face of the complaint.

For all these reasons, defendant's motion to dismiss should be denied to the extent it relies on any non-exhaustion theory.  This ruling should be without prejudice to renewal of the defense in the summary judgment context.

////

////

---

[3] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule.  Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

[4] Although the regulations at the time provided that an appeal must be submitted within thirty days of the event or decision being appealed, Cal. Code Regs. tit. 15, § 3084.8(b) (2015), the court cannot assume that plaintiff did not qualify for some type of exception or that any untimely grievances were not processed despite the procedural bar, see Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (exhaustion requirement satisfied if prison officials address grievance on the merits instead of enforcing procedural bar).

V.   Statute of Limitations

    A.   Legal Standard for the Statute of Limitations

"If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980) (citations omitted). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Id. (citation omitted); TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999) (citation omitted).

Because § 1983 does not contain its own statute of limitations, the court applies the forum state's limitations period for personal injury claims. TwoRivers, 174 F.3d at 991. In California, the limitations period is two years. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Code Civ. Proc. § 335.1). The court also applies "the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Id. (citing Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)).

In California, the limitations period is statutorily tolled for another two years for prisoners serving less than a life sentence, resulting in a total limitations period of four years. Cal. Civ. Proc. Code § 352.1(a); Johnson v. State of California, 207 F.3d 650, 654 (9th Cir. 2000). Additionally, "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." Brown, 422 F.3d at 943 (citations omitted); Elkins v. Derby, 12 Cal. 3d 410, 414 (1974) ("[W]henever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding." (citations omitted)).

"Although state law determines the length of the limitations period, 'federal law determines when a civil rights claim accrues.'" Azer v. Connell, 306 F.3d 930, 936 (quoting Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000)). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers, 174 F.3d at 991 (citation omitted).

////

B.  Discussion

Plaintiff's claims accrued on April 28, 2015, the day he was allegedly assaulted by defendant. The two-year statute of limitations, tolled for two additional years as a result of plaintiff's incarcerated status, expired on April 28, 2019. Accordingly, the complaint, filed on October 13, 2019, is untimely unless plaintiff is entitled to additional tolling.

Defendant argues, among other things, that plaintiff is not entitled to additional tolling while he pursued administrative remedies because the time he was pursuing his administrative remedies overlapped with the statutory tolling based on his incarcerated status. ECF No. 59-1 at 20-22. However, as addressed above, neither the complaint nor Williamson address what, if any, attempts at exhaustion plaintiff made between October 13, 2015, and the filing of the complaint in this action. It is therefore not apparent from the face of the complaint that plaintiff would be unable to prove an entitlement to additional tolling based on the exhaustion of administrative remedies, even if the court assumes that defendant is correct and plaintiff is not entitled to additional tolling for his attempts to exhaust prior to Williamson.[5] The timeliness issue is therefore not amenable to resolution at the pleading stage.

Accordingly, defendant's motion to dismiss should be denied to the extent it relies on untimeliness. This ruling should be without prejudice to renewal of the argument in the summary judgment context.

VI.  Miscellaneous Motions

Plaintiff's opposition also includes requests for supplemental jurisdiction and certification as a class action. ECF No. 64 at 4-5, 22. The second amended complaint did not allege any state law claims, so there are no claims over which the court can take supplemental jurisdiction. As for plaintiff's request for certification of this case as a class action, plaintiff's claim is based upon a single incident between himself and defendant rather than any type of systemic issue that would

---

[5] There is currently no binding authority on whether equitable tolling while a prisoner pursues administrative remedies runs concurrently or consecutively to the two-year statutory tolling provided based on incarceration, and there is a split among the district courts that have considered the matter. See Stevenson v. Holland, No. 1:16-cv-1831 AWI SKO, 2017 WL 2958731, at *5-6, 2017 U.S. Dist. LEXIS 107170, at *13-14 (E.D. Cal. July 11, 2017) (summarizing rationale behind the opposing positions).

implicate the need for a class action. There are no class allegations, no allegations involving any other potential plaintiffs, no other plaintiff's name appears on the complaint, and Mr. Cervantes may not represent individuals other than himself. For all these reasons, these requests will be denied.

Plaintiff has also filed a motion to proceed with the settlement conference. ECF No. 57. This appears to be a supplemental opposition to defendant's request to opt out of the Post-Screening ADR Project. Defendant's request to opt out was granted after reviewing his request and plaintiff's previously filed opposition, ECF No. 54, and plaintiff has not provided any reasons why the court should require defendant to participate in a settlement conference. The motion will therefore be denied.

Finally, plaintiff has filed a motion for criminal and civil contempt. ECF No. 67. Plaintiff has not identified any grounds for holding defendant in contempt, and to the extent he appears to be attempting to assert new claims, none of the claims appear to be against defendant or related to this cause of action. The motion will therefore be denied. If plaintiff wishes to pursue his new claims, he may attempt to do so in a separate action after exhausting his administrative remedies.

VII.   Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that defendant's motion to dismiss be denied because it is not clear from the face of the complaint that you did not exhaust your administrative remedies or that the complaint is untimely.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed with the settlement conference, ECF No. 57, is DENIED.
2. Defendant's request for judicial notice, ECF No. 60, is GRANTED.
3. Plaintiff's requests for the court to exercise supplemental jurisdiction and to certify this case as a class action, ECF No. 64 at 4-5, 22, are DENIED.
4. Plaintiff's motion for criminal and civil contempt, ECF No. 67, is DENIED.
5. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that defendant's motion to dismiss, ECF No. 59, be DENIED without prejudice to filing a motion for summary judgment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 16, 2021

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE