UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL CERVANTES, | No. 2:20-cv-0232 DAD AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| S. BURCIAGA, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is defendant's motion for summary judgment. ECF No. 93.

I.     Procedural History

Plaintiff initiated this action by filing a letter in the United States District Court for the Northern District of California. ECF No. 1. After being directed to file a complaint (ECF No. 4), plaintiff filed an original complaint (ECF No. 12) which was dismissed with leave to amend (ECF No. 16). Plaintiff then filed an amended complaint (ECF No 18), which was transferred to this court (ECF No. 22). Plaintiff next proceeded to file a second amended complaint (ECF No. 34), which was screened (ECF No. 35). On screening, the court found that plaintiff had stated a claim for relief against defendant Burciaga (ECF No. 35), who moved to dismiss the complaint on the grounds that it was unexhausted and barred by the statute of limitations (ECF No. 59). The

1

motion to dismiss was denied without prejudice to raising the same issues in a motion for summary judgment. ECF No. 72 (findings and recommendations); ECF No. 78 (order adopting findings and recommendations).

Prior to the close of discovery, defendant moved for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies prior to initiating this action and that the complaint is barred by the statute of limitations. ECF No. 93. Plaintiff has opposed the motion (ECF No. 96), and merits-based discovery is stayed pending resolution of the motion (ECF No. 95). Since briefing on the motion for summary judgment was completed, plaintiff has submitted numerous, miscellaneous filings that mostly reiterate his claims against defendant and cite to various cases regarding exhaustion and excessive force. ECF Nos. 98-100, 102-04, 106-07, 110.

II.   Plaintiff's Allegations

Plaintiff alleges that defendant used excessive force against him in violation of the Eighth Amendment. ECF No. 34 at 3. Specifically, he alleges that on April 28, 2015, without provocation, defendant hit him on the head with a metal baton, causing great bodily injury. Id. As a result, plaintiff now suffers from epilepsy. Id.

III.   Motion for Summary Judgment

A.   Defendant's Arguments

Defendant argues that that he is entitled to summary judgment because plaintiff did not exhaust his administrative remedies prior to filing suit. ECF No. 93-2 at 19-25. He further argues that plaintiff is precluded from litigating the exhaustion issue because it was previously litigated in Cervantes v. Williamson (Williamson), Case No. 2:15-cv-2138 KJM DB, and plaintiff did not make any further attempts to exhaust between the filing of Williamson and the filing of this action. Id. Alternatively, defendant argues that this action is barred by the statute of limitations because it was filed more than four years after the incident and plaintiff is not entitled to equitable tolling. Id. at 25-33.

Defendant's motion is accompanied by a request that the court take judicial notice of the proceedings in Williamson. ECF No. 93-4. The court "may take notice of proceedings in other

courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned). Accordingly, the request for judicial notice will be granted.

    B.  Plaintiff's Response

At the outset, the court notes that plaintiff has failed to comply with Federal Rule of Civil Procedure 56(c)(1)(A), which requires that "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record." Plaintiff has also failed to file a separate document in response to defendant's statement of undisputed facts that identifies which facts are admitted and which are disputed, as required by Local Rule 260(b).

"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted), overruled on other grounds, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). However, it is well-established that district courts are to "construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). The unrepresented prisoner's choice to proceed without counsel "is less than voluntary" and they are subject to "the handicaps . . . detention necessarily imposes upon a litigant," such as "limited access to legal materials" as well as "sources of proof." Jacobsen v. Filler, 790 F.2d 1362, 1364 n.4 (9th Cir. 1986) (alteration in original) (citations and internal quotation marks omitted). Inmate litigants, therefore, should not be held to a standard of "strict literalness" with respect to the requirements of the summary judgment rule. Id. (citation omitted).

Accordingly, the court considers the record before it in its entirety despite plaintiff's failure to be in strict compliance with the applicable rules. However, only those assertions in the opposition which have evidentiary support in the record will be considered.

1    Plaintiff argues that summary judgment should be denied because defendant has failed to
2  meet his burden of showing that plaintiff failed to exhaust administrative remedies. ECF No. 96.
3  He argues that, as in Williamson, defendant has failed to address relevant appeals; plaintiff
4  specifically identifies appeals 84685, SAC 06940, SAC H 21-00006, and SAC 159435. Id. at 2-
5  4. He further asserts that appeals 84685 and 159435 both went to the third level of review. Id. at
6  2.
7    After defendant filed a reply in support of his motion for summary judgment, plaintiff
8  proceeded to file numerous supplemental filings, as well as motions to present evidence for
9  punitive damages and for a trial date. ECF Nos. 98-100, 102-04, 106-07, 110. Because it is
10 being recommended that defendant's motion for summary judgment be granted, plaintiff's
11 motions to present evidence and for a trial date will be denied. Furthermore, with the exception
12 of the notice located on the docket at ECF No. 98, which provides additional information about
13 appeal 84685, plaintiff's supplemental filings, which merely reiterate the arguments in the
14 opposition, will be disregarded. See L.R. 230(m) (absent prior court approval, no supplementary
15 materials are to be filed after a reply except objections to new evidence submitted with the reply
16 or a notice of supplemental authority).

17   IV.    Legal Standards for Summary Judgment

18    Summary judgment is appropriate when the moving party "shows that there is no genuine
19 dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.
20 Civ. P. 56(a). Under summary judgment practice, "[t]he moving party initially bears the burden
21 of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627
22 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The
23 moving party may accomplish this by "citing to particular parts of materials in the record,
24 including depositions, documents, electronically stored information, affidavits or declarations,
25 stipulations (including those made for purposes of the motion only), admissions, interrogatory
26 answers, or other materials" or by showing that such materials "do not establish the absence or
27 presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to
28 support the fact." Fed. R. Civ. P. 56(c)(1).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal

quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted).  It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

Defendant simultaneously served plaintiff with notice of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure along with their motion for summary judgment.  ECF No. 93-1; see Klingele v. Eikenberry, 849 F.2d 409, 411 (9th Cir. 1988) (pro se prisoners must be provided with notice of the requirements for summary judgment); Rand v. Rowland, 154 F.3d 952, 960 (9th Cir. 1998) (en banc) (movant may provide notice).

V.    Undisputed Material Facts

Plaintiff did not separately respond to Defendant's Statement of Undisputed Facts (DSUF), and the facts are therefore deemed undisputed except as otherwise discussed.  Additional facts have been taken from the record as appropriate.

At all relevant times, plaintiff was an inmate in the custody of the California Department of Corrections and Rehabilitation.  DSUF ¶ 1; ECF No. 34; ECF No. 106.  This action proceeds on the second amended complaint, which alleges that defendant Burciaga used excessive force against plaintiff on April 28, 2015, while plaintiff was housed at California State Prison (CSP)-Sacramento.  ECF No. 34.

Between April 28, 2015, and October 2019, plaintiff submitted three non-medical appeals to the CSP-Sacramento's appeals office: Appeal Nos. SAC-P-15-02881, SAC-H-15-01724, and SAC-P-15-02951.  DSUF ¶¶ 17, 19-21.  Appeal SAC-P-15-02881 was unrelated to the claims in

this case. DSUF ¶ 19. During this timeframe plaintiff also submitted four appeals for third-level review, but none were relevant to the issues in this case. DSUF ¶¶ 22-23. The appeals were submitted at Salinas Valley State Prison and CSP-Los Angeles County. ECF No. 93-7 at 8-62.

Appeal SAC-H-15-01724 was forwarded to healthcare staff for review and processing because it dealt with a healthcare issue and was assigned Appeal No. SAC HC 15031093. DSUF ¶¶ 20, 35; ECF No. 93-5 at 12-24. The appeal mentioned defendant and that plaintiff was struck on the head on April 28, 2015. ECF No. 93-5 at 19-20. It was rejected on June 29, 2015, and plaintiff took no further action regarding the grievance. DSUF ¶ 31. This was the only healthcare appeal that plaintiff submitted between April 28, 2015, and October 2019 that arose out of his incarceration at CSP-Sacramento. DSUF ¶¶ 30-32.

Appeal SAC-P-15-02951 alleged various instances of mistreatment by staff, including an allegation that defendant had hit plaintiff. ECF No. 93-4 at 27, 29. This appeal was rejected on August 18, 2015, and plaintiff did not resubmit the appeal. DSUF ¶ 21; ECF No. 93-6 at 26.

On October 13, 2015, plaintiff filed the complaint in Williamson, which made the same excessive force allegations against defendant that are at issue in this action. ECF No. 93-4 at 16-37. On March 20, 2018, that case was dismissed due to plaintiff's failure to exhaust administrative remedies. Id. at 203-04. On July 23, 2019, the Ninth Circuit denied plaintiff's appeal. Id. at 214-16.

This case was initiated on September 24, 2019,[1] when plaintiff filed a letter with the United States District Court for the Northern District of California. ECF No. 1-1.

VI.   Discussion

    A.   Statute of Limitations

        i.   Legal Standard

Because § 1983 does not contain its own statute of limitations, the court applies the forum state's limitations period for personal injury claims. TwoRivers v. Lewis, 174 F.3d 987, 991 (9th

---

[1] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

Cir. 1999). In California, the limitations period is two years. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Code Civ. Proc. § 335.1). The court also applies "the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Id. (citing Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)).

In California, the limitations period is statutorily tolled for another two years for prisoners serving less than a life sentence. Cal. Civ. Proc. Code § 352.1(a); Johnson v. State of California, 207 F.3d 650, 654 (9th Cir. 2000). Additionally, "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) (citations omitted); Elkins v. Derby, 12 Cal. 3d 410, 414 (1974) ("[W]henever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding." (citations omitted)). "The burden of alleging facts which would give rise to tolling falls upon the plaintiff." Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993) (citations omitted).

"Although state law determines the length of the limitations period, 'federal law determines when a civil rights claim accrues.'" Azer v. Connell, 306 F.3d 930, 936 (quoting Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000)). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers, 174 F.3d at 991 (citation omitted).

      ii.    Discussion

There is no dispute that plaintiff's claim against defendant accrued on April 28, 2015, the day he alleges that he was assaulted. Therefore, absent tolling, the statute of limitations expired two years later on April 28, 2017. Though defendant does not explicitly address plaintiff's sentence, the court will assume for purposes of summary judgment, as defendant appears to, that plaintiff is sentenced to a term of less than life[2] and is therefore entitled to two years of statutory

---

[2] The court notes that some of plaintiff's recent filings indicated that he was going to be released on parole in July 2022 (ECF Nos. 106, 107), and the California Department of Corrections and Rehabilitation's Inmate Locator indicates that plaintiff is no longer in custody.

1  tolling based on his incarceration. This extends the statute of limitations to April 28, 2019. Since
2  this action was initiated on September 24, 2019,[3] the complaint is untimely unless plaintiff is
3  entitled to additional tolling.
4       Although plaintiff does not raise the issue in response to defendant's motion for summary
5  judgment, he previously argued that this action is not untimely because of his impaired mental
6  health. ECF No. 64 at 3. Section 352(a) of the California Code of Civil Procedure provides that
7  if a person bringing claims such as plaintiff's "is, at the time the cause of action accrued . . .
8  lacking the legal capacity to make decisions, the time of the disability is not part of the time
9  limited for the commencement of the action."[4] A person lacks legal capacity under section 352 if
10 he is "incapable of caring for his property or transacting business or understanding the nature or
11 effects of his acts." Pearl v. Pearl, 177 Cal. 303, 307 (1918) (citations omitted). Plaintiff has
12 produced no evidence that would establish that he lacked legal capacity. Moreover, even if the
13 court assumes that plaintiff lacked legal capacity at the time of the alleged assault, he submitted
14 appeal SAC-H-15-01724/SAC HC 15031093, the first appeal related to the clams in this case, on
15 June 2, 2015. ECF No. 93-5 at 19-20. This appeal demonstrates that plaintiff was capable of
16 understanding the nature of his actions and was able to take appropriate responsive action at least
17 as of June 2, 2015. Accordingly, any tolling based on mental incapacity would have ended at that
18 time. As explained below, even if the court assumes plaintiff is entitled to tolling from the date of
19 the alleged assault through the conclusion of his appeals, that tolling is insufficient to make this
20 action timely.
21      While plaintiff is entitled to equitable tolling while he pursues administrative remedies,
22 there is no binding authority addressing whether such tolling runs concurrently or consecutively

---

[3] The three weeks between the filing of the letter that initiated this action (ECF No. 1) and the filing of the original complaint (ECF No. 12) is ultimately immaterial. The court therefore assumes without deciding that the date the letter was filed is the relevant date for purposes of the statute of limitations analysis.

[4] Prior to 2015, section 352(a) used the term "insane" rather than "lacking the legal capacity to make decisions." Estate of Stern v. Tuscan Retreat, Inc., 725 F. App'x 518, 522 n.3 (9th Cir. 2018) (citations omitted). The change was simply to replace "offensive and outdated terms" and there is no legal difference between the terms. Id. (citations omitted).

to the two-year statutory tolling provided based on incarceration, and there is a split among the district courts that have considered the matter. See Stevenson v. Holland, No. 1:16-cv-1831 AWI SKO, 2017 WL 2958731, at *4-6, 2017 U.S. Dist. LEXIS 107170, at *13-14 (E.D. Cal. July 11, 2017) (summarizing rationale behind opposing positions). Here, the complaint is untimely regardless of whether these tolling provisions run concurrently or consecutively. Assuming that consecutive tolling applies, and that plaintiff is entitled to tolling for appeals SAC-H-15-01724/SAC HC 15031093 and SAC-P-15-02951, the statute of limitations would be extended only to August 18, 2019.[5] Since this case was not initiated until September 24, 2019, it is still untimely unless plaintiff is entitled to additional tolling.

In his opposition, plaintiff argues that defendant has failed to provide information of relevant grievances and identifies appeals 84685, SAC 06940, SAC H 21-00006, and SAC 159435 as appeals that relate to this case. ECF No. 96 at 2. However, even if these appeals relate to the claims in this action and exhaust administrative remedies as plaintiff appears to assert, they do not toll the statute of limitations. Copies of appeals SAC 06940, SAC H 21-00006, and SAC 159435 show that they were initiated in 2020 and 2021, after the statute of limitations had expired. ECF No. 86 at 8 (appeal SAC 06940), 12 (appeal SAC H 21-00006); ECF No. 96 at 13-14, 19 (appeal 159435). With respect to appeal 84685, plaintiff does not provide a copy of the appeal or specifically address when it was being pursued, and a subsequent filing indicates that it was not initiated until late 2020 or early 2021, also after the statute of limitations expired. ECF No. 98 at 4. "Tolling can only suspend the running of a statute that still has time to run; it cannot revive a statute which has already run out." Forman v. Chicago Title Ins. Co., 32 Cal. App. 4th 998, 1006 (1995). Because the appeals plaintiff references were not initiated until the statute of limitations had already lapsed, he has failed to demonstrate that he is entitled to additional tolling based on the exhaustion of administrative remedies.

Under California law, equitable tolling is generally unavailable for claims pursued in the

---

[5] This assumes that the statute of limitations was tolled from April 28, 2015, the date of the alleged assault, until August 18, 2015, when appeal SAC-P-15-02951 was rejected and plaintiff chose not to resubmit the appeal. Appeal SAC-H-15-01724/SAC HC 15031093 was rejected on June 29, 2015.

same forum. Martell v. Antelope Valley Hosp. Med. Ctr., 67 Cal. App. 4th 978, 985 (1998). When a plaintiff pursues the same claim in the same forum, as in the instant case, the statute of limitations may be tolled only under a narrow set of circumstances. See Bollinger v. Nat'l Fire Ins. Co., 25 Cal. 2d 399 (1944) (permitting equitable tolling for previous action in same forum); Wood v. Elling Corp., 20 Cal. 3d 353, 361 (1977) ("[T]he concurrence of the three factors present in Bollinger is essential to an application of the rule stated therein."). The California Supreme Court requires that

> three elements be present before the Bollinger rule of equitable tolling will apply: (1) the plaintiff must have diligently pursued his or her claim; (2) the fact that the plaintiff is left without a judicial forum for resolution of the claim must be attributable to forces outside the control of the plaintiff; and (3) the defendant must not be prejudiced by application of the doctrine (which is normally not a factor since the defendant will have had notice of the first action).

Hull v. Cent. Pathology Serv. Med. Clinic, 28 Cal. App. 4th 1328, 1336 (1994) (citations omitted). Plaintiff is thus not entitled to equitable tolling for the time he pursued his claims against defendant in Williamson, because the fact that he is without a judicial forum for resolution of the claim is due to factors within his control. Plaintiff chose to file Williamson before he exhausted his administrative remedies, and when that case was dismissed over a year before the statute of limitations was set to expire, he chose to appeal that decision rather than exhaust his administrative remedies and file a new action after they were exhausted. Moreover, even assuming that the statute of limitations was further extended to August 18, 2019, as discussed above, plaintiff still had time to exhaust his administrative remedies and file a timely complaint when his appeal was denied on July 23, 2019. He instead chose to petition for rehearing en banc. ECF No. 93-4 at 211.

"The burden of alleging facts which would give rise to tolling falls upon the plaintiff," Hinton, 5 F.3d at 395 (citations omitted), and plaintiff has failed to identify or provide evidence of any other grounds on which he might be entitled to equitable tolling. Therefore, for the reasons discussed above, the statute of limitations expired no later than August 18, 2019, and this action is untimely.

////

B. Exhaustion

Defendant argues that plaintiff failed to exhaust his administrative remedies prior to initiating this action. ECF No. 93-2 at 18-25. However, since defendant filed his motion for summary judgment, the Ninth Circuit issued its opinion in Saddozai v. Davis, 35 F.4th 705 (9th Cir. 2022), which held that the exhaustion requirement is satisfied so long as the plaintiff exhausted his administrative remedies prior to filing the operative complaint. Defendant does not address any grievances plaintiff may have filed between the initiation of this action and the filing of the operative, second amended complaint and therefore fails to demonstrate that plaintiff failed to exhaust his administrative remedies during that time.[6] Although the court could request supplemental briefing to address plaintiff's exhaustion efforts between the initiation of this action and the filing of the second amended complaint, resolution of this issue is unnecessary because it is clear that this action is barred by the statute of limitations.

VII. Conclusion

Because the complaint was filed outside the statute of limitations the motion for summary judgment should be granted.

VIII. Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that defendant's motion for summary judgment be granted because your complaint was filed too late and you have not provided facts showing that there were circumstances that would extend the time for filing enough to make the complaint timely.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's request for judicial notice (ECF No. 93-4) is GRANTED;

2. Plaintiff's supplemental materials (ECF No. 99, 102-104, 107, 110) are DISREGARDED. See L.R. 230(m);

////

---

[6] As the court previously noted in addressing defendant's motion to dismiss, while it appears from the regulations that any grievance filed more than thirty days after the incident would be untimely, "the court cannot assume that plaintiff did not qualify for some type of exception or that any untimely grievances were not processed despite the procedural bar." ECF No. 72 at 6 n.4 (citing Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (exhaustion requirement satisfied if prison officials address grievance on the merits instead of enforcing procedural bar).

    3.  Plaintiff's motion to present evidence for punitive damages (ECF No. 100) is DENIED; and

    4.  Plaintiff's motion for a trial date (ECF No. 106) is DENIED.

IT FURTHER RECOMMENDED that:

    1.  Defendant's motion for summary judgment (ECF No. 93) be GRANTED on the ground that the complaint is barred by the statute of limitations;

    2.  Judgement be entered for defendant; and

    3.  The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 26, 2022

                                          ALLISON CLAIRE
                                          UNITED STATES MAGISTRATE JUDGE